UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RAMOS,<br><br>   Plaintiff,<br><br> v.<br><br>FRESNO POLICE DEPARTMENT,<br><br>   Defendant. | No. 1: 14-cv-0881--BAM<br><br>**ORDER SCREENING COMPLAINT AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**30 DAY DEADLINE** |

Plaintiff Eric Ramos ("Plaintiff") proceeding pro se and in forma pauperis filed this action on May 22, 2014 in the United States District Court for the Eastern District of California, Sacramento Division (Doc. 1). The case was transferred to this Court on June 10, 2014. (Doc. 4). Plaintiff names the Fresno Police Department as the only defendant. Plaintiff's complaint alleges that the "Fresno Police Department" used excessive force in executing his arrest. Complaint at 4, (Doc. 1). Plaintiff filed a "Consent to Magistrate Judge" jurisdiction on June 18, 2014 and his complaint is currently before the Court for screening. (Doc. 9).

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2);

1

28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding in pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff is currently incarcerated in the Wasco State Prison in Kern County, California. Plaintiff was arrested on May 11, 2011. Plaintiff alleges that during his arrest he suffered severe injuries after being hit and tased by unidentified Fresno police officers. Plaintiff's entire complaint alleges as follows.

> On May 10, 2011 I was being pulled over by Fresno P.D. and I didn't actually pull over right then & there I was heading to a family members to stop. While [illegible] houses down from their, I was hit from behind by Fresno Police Officers causing me to spin and crash into a fence. After that, I was beaten by Fresno Police Officers—tazed in the face across my nose, fracture jaw, top lip slip in complete half down the middle. My right eyebrow was also splip real nice, top teeth chipped, right eye is now…Also loosing it's vision from the use of excessive

2

force. I was place unresponsive at the scene and rushed to Community Regional Center Trauma Unit. Where I was set to came to be in a coma. My constitutional rights was very well violated by Fresno Police. Also loss of bottom tooth, do to the fractured jaw. I now suffer depression in fear of Fresno P.D. and take medication. [entire sic].

Plaintiff seeks reimbursement for his medical expenses and monetary and injunctive relief. Complaint at 3.

## DISCUSSION

### A.     The Fresno Police Department Is Not a Proper Party Under Section 1983

To the extent Plaintiff seeks to state a claim for a violation of his constitutional rights under 42 U.S.C. § 1983, he is informed that the Fresno Police Department is not a proper defendant. Pursuant to 42 U.S.C. § 1983, a cause of action may be maintained "against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured  the Constitution and laws' of the United States." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983) (emphasis added). The rights guaranteed by section 1983 are to be "liberally and beneficently construed." *Dennis v. Higgins*, 498 U.S. 439, 443 (1991).

To state a claim under section 1983, Plaintiff must show (1) that he has been deprived of a right secured by the United States Constitution or a federal law, and (2) that the deprivation was effected "under color of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Local governments (i.e., municipalities) are "persons" subject to suit for "constitutional tort[s]" under 42 U.S.C. § 1983. *Haugen v. Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003) (*citing Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 n.55 (1978)). However, a local government's liability is limited. Although a local government may be held liable for its official policies or customs, it cannot be held liable for an employee's actions outside the scope of these policies or customs. *Monell*, 436 U.S. at 691.

Although Plaintiff makes no reference to section 1983 in his complaint, he alleges that the Fresno police department violated his constitutional rights. The allegations of the complaint relate to treatment Plaintiff received from police officers that he labels "excessive force" during his arrest on May 10, 2011. It appears that Plaintiff is attempting to articulate a section 1983

3

1  claim for violations of a constitutional right under the Fourth Amendment.

2  To the extent that Plaintiff is attempting to articulate a section 1983 claim against the Fresno Police Department for excessive force, Plaintiff's claim is insufficient. The Fresno Police Department is not a party that is amenable to suit under section 1983.  Although municipalities, such as cities and counties, are amenable to suit under *Monell*, sub-departments or bureaus of municipalities—like the Fresno Police Department—are not generally considered "persons" within the meaning of section 1983. *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995); *see also Sanders v. Aranas*, 2008 U.S. Dist. LEXIS 6402, 2008 WL 268972, at *3 (E.D. Cal. 2008) (the Fresno Police Department is not a proper defendant because it is a sub-division of the City of Fresno). Thus, the Fresno Police Department is not subject to suit under section 1983.

12  To the extent Plaintiff seeks to hold the individual officers liable, he must name the officers and state what each person did to violate his constitutional rights.  To state a claim against the individual officers, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020-21 (9th Cir. 2010).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Plaintiff has failed to allege any action by individual officers which violated plaintiff's rights.  If Plaintiff elects to amend his complaint, Plaintiff must link the actions of the individual officers to an alleged deprivation.

21  **B.**     **Plaintiff's Complaint Fails to State a Monell Claim Under Section 1983**

22  To state a civil rights claim against a local government under *Monell*, a plaintiff must set forth facts alleging the following: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights, (2) the violation must be a part of policy or custom and may not be an isolated incident, and (3) there must be a link between the specific policy or custom to the plaintiff's injury. *See Monell*, 436 U.S. at 690-92.

27  There are three ways to show a policy or custom of a municipality:

28

4

> (1) A longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;
>
> (2) The decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of the decision; or
>
> (3) An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005).

A municipal policy may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. *Id.* Municipalities can be held liable "if [their] deliberate policy caused the constitutional violation alleged." *Blankenhorn v. City of Orange,* 485 F.3d 463, 484 (9th Cir. 2007).

Here, even if Plaintiff had named a county or a city as a defendant, the complaint is lacking the necessary factual allegations to state a section 1983 suit against a municipality. First, Plaintiff fails to articulate which of his constitutional rights was violated. It appears that Plaintiff is attempting to articulate a deprivation of his Fourth Amendment right to be free from a police officer's use of excessive force, but Plaintiff has not adequately set this forth in his complaint. Plaintiff must state precisely what constitutional right has been violated by the conduct of the defendant. Second, Plaintiff has failed to allege how any conduct in violation of his constitutional rights was part of a custom or policy of a municipality. Third, there is no link alleged between the custom and policy and the deprivation of a constitutional right that Plaintiff suffered. Thus, Plaintiff's complaint fails to state a claim against a county or a city municipality for the conduct of police officers. *See Monell*, 436 U.S. at 690-92.

## C. **Amendment to the Complaint**

Plaintiff's complaint fails to state a cognizable section 1983 claim for violation of his Constitutional rights. However, the Court will provide Plaintiff the opportunity to file an amended complaint clarifying the factual bases for liability against each named defendant. Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of Plaintiff's rights.

5

Conclusory assertions of personal involvement or liability will not suffice. *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1949-50.

Plaintiff is advised that an amended complaint supersedes all prior complaints, *Forsyth v. Humana, Inc*., 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d 567; *Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a cognizable claim upon which relief may be granted;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
3. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **June 24, 2014**           /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE

6