UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RAMOS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FRESNO POLICE DEPARTMENT,<br><br>　　　　Defendant.<br>_____/ | Case No. 1:14-cv-0881--BAM<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

　　　　Plaintiff Eric Ramos ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action on May 22, 2014. In his complaint, Plaintiff alleges that Defendant the Fresno Police Department ("Defendant") used excessive force in executing his arrest. Plaintiff consented on June 18 and again on June 19 to the jurisdiction of a Magistrate Judge.[1] (Doc. 9, 10.) On June 24, 2014, this Court issued an order dismissing Plaintiff's complaint with leave to file a first amended complaint. (Doc. 11). Plaintiff was ordered to serve the amended complaint within thirty (30) days of the service of the order. More than thirty days has elapsed, and Plaintiff has not responded to the Court's order or otherwise contacted the Court.

**DISCUSSION**

　　　　Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

---

[1] On June 18 and 19, 2014, pursuant to 28 U.S.C. § 636(c)(1), Plaintiff consented to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment.

1

sanctions . . . within the inherent power of the Court. District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that Plaintiff intends to prosecute this action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring

Plaintiff to file an amended complaint was clear that dismissal would result from non-compliance with the Court's order. (Doc. 11, pg. 6).

Further, in the June 24, 2014 order, the Court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted. Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. *Id.*

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. This action is HEREBY DISMISSED, without prejudice, for failure to obey a court order and failure to prosecute;
2. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **August 13, 2014**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE